Case 2:16-cv-06575-JMV-MF   Document 1   Filed 10/05/16   Page 1 of 11 PageID: 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP FARAONE, on behalf of himself and those similarly situated,<br>749 Windsor-Perrineville Road<br>East Windsor, NJ 08520<br><br>        Plaintiff,<br><br>  v.<br><br>VALLEY NATIONAL BANK,<br>1455 Valley Road<br>Wayne, NJ 07470<br><br>        Defendant. | INDIVIDUAL AND CLASS ACTION<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiff Philip Faraone (hereinafter "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Valley National Bank (hereinafter "Defendant").

## INTRODUCTION

1. Named Plaintiff initiates the instant action to redress Defendant's violations of the Fair Credit Reporting Act ("FCRA"). Named Plaintiff and those similarly situated were the subject of consumer reports obtained by Defendant as a precondition of employment with Defendant during the period two years preceding the date of filing this complaint through the present. Defendant failed to provide Named Plaintiff and those similarly situated proper disclosure as required by the FCRA.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States, 15

U.S.C. § 1681p *et seq.*

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff is an adult individual residing at addresses set forth in the above caption and a "consumer" within the meaning of 15 U.S.C. § 1681a.

7. Defendant is a bank operating in New Jersey at the address set forth in the above caption.

8. Further, Defendant is a "person" using "consumer reports" to make "employment decisions" as those terms are defined by 15 U.S.C. § 1681a.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant Western.

## CLASS ACTION ALLEGATIONS

13. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action

Fairness Act of 2005, Named Plaintiff brings his claims on behalf of all individuals on whom Defendant procured a consumer report for employment purposes during the period from two years preceding the date of filing this complaint through the present.

15. The putative Class is so numerous that joinder of all members is impracticable. Named Plaintiff does not know the exact size of the classes, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be over one thousand.

16. Named Plaintiff's claims are typical of the claims of the Class members as all Class members were similarly affected by Defendant's unlawful conduct in violation of the FCRA.

17. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class members.  Named Plaintiff has retained counsel with substantial experience in the prosecution of class actions.

18. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative

class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

20. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

    a. Whether Defendant procured or caused to be procured consumer reports on prospective and existing employees;

    b. Whether Defendant violated the FCRA by procuring or causing to be procured such consumer reports without a FCRA-compliant disclosure;

    c. Whether Defendant's FCRA violations were willful;

    d. The proper measure of statutory damages; and

    e. The proper measure of punitive damages.

21. Therefore, Named Plaintiff should be should be permitted to bring this action as a class action for and on behalf of himself and those individuals similarly situated, pursuant to Federal Rule of Civil Procedure 23.

## FACTUAL BACKGROUND

### Statutory Background

22. The foregoing paragraphs are incorporated herein as if set forth in full.

23. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit; and second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

24. While recognizing that consumer reports play an important role in the economy,

Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

25. Congress was particularly concerned about the use of consumer reports by employers to deny otherwise qualified job applicants or to take other adverse actions against employees. Accordingly, Congress requires employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists **"solely"** of the disclosure, that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2) (emphasis added) (hereinafter referred to as the "stand-alone disclosure requirement").

26. The FCRA stand-alone disclosure requirement ensures that employees and job applicants know when consumer reports about them are being generated. This knowledge enables consumers to exercise a variety of other substantive rights conferred by the FCRA. For example, a consumer who knows that a consumer report may be procured on them may choose to exercise their right to request a copy of their file (§ 1681g); dispute the accuracy of the information contained therein (§ 1681e(b); § 1681i); dispute whether certain information is properly included in their report (§ 1681c). However, a consumer who is not informed that a consumer report may be obtained would have no reason to exercise any of these rights.

27. As discussed below, Defendant routinely violates/violated the FCRA by failing to provide the required stand-alone disclosure to job applicants and employees.

<u>As to Named Plaintiff</u>

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. In or around January 2015, Named Plaintiff used Defendant's online application

to apply for employment at Defendant.

30. In applying online, Named Plaintiff completed an application substantially similar to the application attached hereto as Exhibit A.

31. Upon information and belief, all Class Plaintiffs completed the application attached as Exhibit A or an application substantially similar to the application attached as Exhibit A.

32. During the application process, Plaintiff was guided through a series of computer screens and asked to enter information about him into the online job application. *See* Exhibit A.

33. Named Plaintiff's application was successful, and Defendant hired him to begin working in April 2015.

34. Before Named Plaintiff began working for Defendant, Defendant provided him with a copy of a four (4) page document, created by Sterling Infosystems, Inc. ("Sterling"), titled "Consent to Request Consumer Report & Investigative Consumer Report Information" (hereinafter referred to as the "Sterling Form"). The Sterling Form is attached hereto as Exhibit B.

35. Upon information and belief, Defendant provided all Class Members the Sterling Form or a version substantially similar to the Sterling Form.

36. Sterling is a "consumer reporting agency" within the meaning of the FCRA.

37. After Defendant provided Named Plaintiff with the Sterling Form, Defendant requested that their outside consumer reporting agency, Sterling, provide it with a consumer report on Named Plaintiff.

<u>As to Common Questions</u>

13. The foregoing paragraphs are incorporated herein as if set forth in full.

14. Neither Defendant's online job application nor the Sterling Form constitute the "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2).

15. First, Defendant's online job application is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because the disclosure was included as part of the overall job application, rather than in a separate document consisting "solely" of the disclosure.

16. Second Defendant's online job application is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because it contains a plethora of extraneous information. Specifically, the application contained the following items, each of which, standing alone, would be sufficient to render the application non-compliant with the stand-alone disclosure requirement, and all of which, in combination, render the application non-compliant:

   a. Two separate statements whereby the applicant purports to release entities and persons various liabilities and damages related to Defendant's procurement of consumer reports and/or background information;

   b. A section for the applicant to provide information regarding the applicant's prior employment, education, and experience;

   c. A section for the applicant to complete a Voluntary Equal Opportunity Questionnaire;

   d. A declaration that false statements on the application may be sufficient cause not to hire;

   e. A statement that Defendant complies with laws prohibiting discrimination;

  f. A purported agreement from the applicant that a single authorization for the procurement of a consumer report will remain in effect for the duration of the applicant's employment, and that no further disclosures or authorization will be required; and

  g. A drug testing consent form.

*See* Exhibit A.

  17. All of the information referenced in the preceding paragraph was conveyed on a single web page viewable on a single computer screen, and residing at a single web address. Named Plaintiff was not required to click on anything, or to fill in any boxes to review the entirety of this information at a single time,

  18. Nor is the Sterling Form a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes."  *See* Exhibit B.

  19. First the Sterling Form is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because it states that the signer "fully understand[s] that all employment decisions are based on legitimate non-discriminatory reasons." *See Id.*

  20. Second, the Sterling Form is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because it contains extraneous information about various aspects of laws of various states, including states in which Named Plaintiff does not reside.  For example, the form includes a checkbox for "California, Massachusetts, Minnesota, New Jersey & Oklahoma Applicants Only," a checkbox for "Connecticut, Maryland, Oregon and Washington State Applicants Only," as well as notices directed towards New York applicants and California applicants and residents.  *See Id.*  None of

these sections relates to the requirements of the FCRA, and each goes far beyond simply informing the recipient that a consumer report may be procured.

21.     Third, the Sterling Form is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because it states that the applicants must dispute inaccurate information within 5 days of receiving a copy of the report. This misstatement of the applicant's legal rights[1] is unrelated to disclosing that a report will be procured for employment purposes.  *See Id.*

22.     Fourth, the Sterling Form is not a "document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes" because it states that the applicant will receive a copy of the report if Defendant "makes a conditional decision to disqualify me."

23.     Finally, the Sterling Form is not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes," because it is printed in small, eye-straining type, and simply contains far more verbiage than is required to inform applicants that a consumer report will be obtained.

24.     Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by causing a report to be procured and actually procuring a report on Named Plaintiff and Class Plaintiffs for employment purposes without first providing Named Plaintiff and Class Plaintiffs a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

---

[1] In fact, consumers can dispute inaccurate information at any time.

## COUNT I
### Violation of the Fair Credit Reporting Act
### (Failure to Provide Stand-Alone Disclosure - 15 U.S.C. § 1681b(b)(2))

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. Defendant procured, or caused to be procured, consumer reports, as defined by the FCRA, on Named Plaintiff and Class Plaintiffs. Defendant procured these reports for employment purposes without first providing Named Plaintiff or Class Plaintiffs a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

27. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Named Plaintiff and Class Plaintiffs under 15 U.S.C. § 1681b(b)(2)(A)(i).

**WHEREFORE**, Named Plaintiff and Class Plaintiffs respectfully pray for the following relief:

a) An order certifying the proposed classes herein pursuant to Fed. R. Civ. P. 23(b)(3) and appointing the undersigned counsel to represent same;

b) An order declaring that Defendant's actions as described above are in violation of the FCRA;

c) Judgment against Defendant for statutory damages in an amount of not less than $100.00 and not more than $1,000.00 per violation per Class Plaintiff, pursuant to 15 U.S.C. § 1681n(a);

d) Judgment against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Alternatively, an order certifying Defendant's conduct as negligent pursuant to Fed. R.

Civ. P. 23(c)(4);

f) Trial by jury; and

g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

Respectfully Submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Joshua S. Boyette, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Tel: 856-685-7420
Fax: 856-685-7417
Attorneys for Plaintiffs

Date: October 5, 2016